1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  MICHAEL M. PFYL (SB# 240925)
   michaelpfyl@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
   Attorneys for Defendant
7  UNITED PARCEL SERVICE, INC.

8  KATHRYN BURKETT DICKSON (SB# 70636)
   kbdickson@dicksonross.com
9  Dickson – Ross LLP
   1970 Broadway, Suite 1045
10 Oakland, CA  94612
   Telephone:  (510) 268-1999
11 Facsimile:  (510) 268-3627

12 Attorneys for Plaintiff
   CHAUNCI M. BOYKIN
13

14              UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18 CHAUNCI BOYKIN,                    Case No. C-08-04870 MMC

19              Plaintiff,            **STIPULATED PROTECTIVE ORDER**

20      vs.

21 UNITED PARCEL SERVICE, INC.; and
   DOES I – X, inclusive,
22
                Defendants.
23

24

25      1.      **PURPOSES AND LIMITATIONS**

26      Disclosure and discovery activity in this action are likely to involve production of

27 confidential, proprietary, and/or private information for which special protection from public

28 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

1    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

2    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

3    all disclosures or responses to discovery and that the protection it affords extends only to the

4    limited information or items that are entitled under the applicable legal principles to treatment as

5    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

6    Stipulated Protective Order creates no entitlement to file confidential information under seal;

7    Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

8    that will be applied when a party seeks permission from the court to file material under seal.

9    **2.    DEFINITIONS**

10           2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

11   employees, consultants, retained experts, in house counsel, outside counsel (and their support

12   staff).

13           2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

14   the medium or manner generated, stored, or maintained (including, among other things,

15   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

16   responses to discovery in this matter.

17           2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

18   generated, stored or maintained) or tangible things that qualify for protection under standards

19   developed under F.R.C.P. 26(c).

20           2.4    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

21   from a Producing Party.

22           2.5    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

23   Discovery Material in this action.

24           2.6    <u>Designating Party</u>:  a Party or non-party that designates information or

25   items that it produces in disclosures or in responses to discovery as "Confidential."

26           2.7    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

27   designated as "Confidential."

28

Case No. 08-04870 MMC                    -2-                    STIPULATED PROTECTIVE ORDER
LEGAL_US_W # 60705442.1

1            2.8    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are

2  retained to represent or advise a Party in this action.

3            2.9    <u>In House Counsel</u>:  attorneys who are employees of a Party.

4           2.10    <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Counsel (as

5  well as their support staffs).

6           2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

7  pertinent to the litigation who has been retained by a Party or its Counsel to serve as a expert

8  witness or as a consultant in this action and who is not a past or a current employee of a Party or

9  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

10  employee of a Party or a competitor of a Party.  This definition includes a professional jury or

11  trial consultant retained in connection with this litigation.

12           2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support

13  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

14  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

15  subcontractors.

16      **3.**    **SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected Material

18  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

19  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

20  parties or counsel to or in court or in other settings that might reveal Protected Material.

21      **4.**    **DURATION**

22      Even after the termination of this litigation, the confidentiality obligations imposed by this

23  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

24  otherwise directs.

25      **5.**    **DESIGNATING PROTECTED MATERIAL**

26            5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>:

27  Each Party or non-party that designates information or items for protection under this Order must

28  take care to limit any such designation to specific material that qualifies under the appropriate

1   standards.  A Designating Party must take care to designate for protection only those parts of

2   material, documents, items, or oral or written communications that qualify – so that other portions

3   of the material, documents, items, or communications for which protection is not warranted are

4   not swept unjustifiably within the ambit of this Order.

5          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

6   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

7   unnecessarily encumber or retard the case development process, or to impose unnecessary

8   expenses and burdens on other parties), may expose the Designating Party to sanctions.

9          If it comes to a Party's or a non-party's attention that information or items that it

10  designated for protection do not qualify for protection at all, that Party or non-party must

11  promptly notify all other parties that it is withdrawing the mistaken designation.

12             5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

13  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14  material that qualifies for protection under this Order must be clearly so designated before the

15  material is disclosed or produced.

16         Designation in conformity with this Order requires.

17             (a)    <u>for information in documentary form</u> (apart from transcripts of

18  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

19  "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions

20  of the material on a page qualifies for protection, the Producing Party also must clearly identify

21  the protected portion(s) (e.g., by making appropriate markings in the margins).

22         A Party or non-party that makes original documents or materials available for inspection

23  need not designate them for protection until after the inspecting Party has indicated which

24  material it would like copied and produced.  During the inspection and before the designation, all

25  of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

26  inspecting Party has identified the documents it wants, the Producing Party must determine which

27  documents, or portions thereof, qualify for protection under this Order, then, before producing the

28  specified documents, the Producing Party must affix "CONFIDENTIAL" on each page that

1    contains Protected Material.  If only a portion or portions of the material on a page qualifies for

2    protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

3    appropriate markings in the margins).

4              (b)     for testimony given in deposition or in other pretrial or trial

5    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

6    record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

7    When it is impractical to identify separately each portion of testimony that is entitled to

8    protection, and when it appears that substantial portions of the testimony may qualify for

9    protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

10   record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

11   the specific portions of the testimony as to which protection is sought.  Only those portions of the

12   testimony that are appropriately designated for protection within the 20 days shall be covered by

13   the provisions of this Stipulated Protective Order.

14        Transcript pages containing Protected Material must be separately bound by the court

15   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

16   instructed by the Party or non-party offering or sponsoring the witness or presenting the

17   testimony.

18              (c)     for information produced in some form other than documentary,

19   and for any other tangible items, that the Producing Party affix in a prominent place on the

20   exterior of the container or containers in which the information or item is stored the legend

21   "CONFIDENTIAL."  If only portions of the information or item warrant protection, the

22   Producing Party, to the extent practicable, shall identify the protected portions.

23              5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24   failure to designate qualified information or items as "Confidential" does not, standing alone,

25   waive the Designating Party's right to secure protection under this Order for such material.  If

26   material is appropriately designated as "Confidential" after the material was initially produced,

27   the Receiving Party, on timely notification of the designation, must make reasonable efforts to

28   assure that the material is treated in accordance with the provisions of this Order.

1    **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2            6.1    <u>Timing of Challenges</u>:  Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5    waive its right to challenge a confidentiality designation by electing not to mount a challenge

6    promptly after the original designation is disclosed.

7            6.2    <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a

8    Designating Party's confidentiality designation must do so in good faith and must begin the

9    process by conferring directly (in voice to voice dialogue; other forms of communication are not

10   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

11   explain the basis for its belief that the confidentiality designation was not proper and must give

12   the Designating Party an opportunity to review the designated material, to reconsider the

13   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

14   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

15   has engaged in this meet and confer process first.

16           6.3    <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a

17   confidentiality designation after considering the justification offered by the Designating Party

18   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

19   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

20   challenge.  Each such motion must be accompanied by a competent declaration that affirms that

21   the movant has complied with the meet and confer requirements imposed in the preceding

22   paragraph and that sets forth with specificity the justification for the confidentiality designation

23   that was given by the Designating Party in the meet and confer dialogue.

24           The burden of persuasion in any such challenge proceeding shall be on the Designating

25   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

26   question the level of protection to which it is entitled under the Producing Party's designation.

27

28

1    **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

2            7.1    Basic Principles:  A Receiving Party may use Protected Material that is

3    disclosed or produced by another Party or by a non-party in connection with this case only for

4    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

5    disclosed only to the categories of persons and under the conditions described in this Order.

6    When the litigation has been terminated, a Receiving Party must comply with the provisions of

7    section 11, below (FINAL DISPOSITION).

8            Protected Material must be stored and maintained by a Receiving Party at a location and

9    in a secure manner that ensures that access is limited to the persons authorized under this Order.

10           7.2    Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise

11   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

12   disclose any information or item designated CONFIDENTIAL only to:

13                   (a)    the Receiving Party's Counsel;

14                   (b)    the officers, directors, and employees of the Receiving Party to

15   whom disclosure is reasonably necessary for this litigation;

16                   (c)    experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

18   Bound by Protective Order" (Exhibit A);

19                   (d)    the Court and its personnel;

20                   (e)    court reporters, their staffs, and professional vendors to whom

21   disclosure is reasonably necessary for this litigation;

22                   (f)    during their depositions, witnesses in the action to whom disclosure

23   is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that

24   reveal Protected Material must be separately bound by the court reporter and may not be

25   disclosed to anyone except as permitted under this Stipulated Protective Order.

26                   (g)    the author of the document or the original source of the

27   information.

28

1      **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

2  **IN OTHER LITIGATION.**

3          If a Receiving Party is served with a subpoena or an order issued in other litigation that

4  would compel disclosure of any information or items designated in this action as

5  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax,

6  if possible) immediately and in no event more than three court days after receiving the subpoena

7  or order.  Such notification must include a copy of the subpoena or court order.

8          The Receiving Party also must immediately inform in writing the Party who caused the

9  subpoena or order to issue in the other litigation that some or all the material covered by the

10 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

11 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

12 caused the subpoena or order to issue.

13         The purpose of imposing these duties is to alert the interested parties to the existence of

14 this Protective Order and to afford the Designating Party in this case an opportunity to try to

15 protect its confidentiality interests in the court from which the subpoena or order issued.  The

16 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

17 confidential material – and nothing in these provisions should be construed as authorizing or

18 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

19         **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

20         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21 Material to any person or in any circumstance not authorized under this Stipulated Protective

22 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

23 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

24 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

25 this Order, and (d) request such person or persons to execute the "Acknowledgment and

26 Agreement to Be Bound" that is attached hereto as Exhibit A.

27         **10.     FILING PROTECTED MATERIAL**

28         In the event that a Receiving Party decides to submit material that a Producing Party has

1   designated "CONFIDENTIAL" to the Court for any purpose, the parties agree as follows:  The

2   submitting party will notify the Designating Party at least seven (7) calendar days prior to filing

3   the pleading, motion, brief or declaration containing or disclosing the Confidential Information to

4   the Court.  The submitting party will specify what Confidential Information will be submitted to

5   the Court so that the party to whom the information belongs may prepare the appropriate motion

6   to have the record filed under seal.  The parties will then coordinate the filing of the pleading,

7   motion, brief or declaration so that the party to whom the Confidential Information belongs can

8   simultaneously file the appropriate motion with the Court to have the record filed under seal in

9   accordance with Northern District of California Local Rule of Court 79-5.  The party filing the

10   pleading, motion, brief, or declaration will lodge the Confidential Information with the Court in

11   accordance with Northern District of California Local Rule of Court 79-5.

12   **11.   FINAL DISPOSITION**

13        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14   after the final termination of this action, each Receiving Party must return all Protected Material

15   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

16   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

18   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

19   Material is returned or destroyed, the Receiving Party must submit a written certification to the

20   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

21   deadline that identifies (by category, where appropriate) all the Protected Material that was

22   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

23   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

24   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

25   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

26   work product, even if such materials contain Protected Material.  Any such archival copies that

27   contain or constitute Protected Material remain subject to this Protective Order as set forth in

28   Section 4 (DURATION), above.

1    **12.    MISCELLANEOUS**

2         12.1   Right to Further Relief:  Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4         12.2   Right to Assert Other Objections:  By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Stipulated Protective

7    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

8    the material covered by this Protective Order.

9         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED:  December 30, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      E. JEFFREY GRUBE
11                                    MICHAEL M. PFYL

12

13                                    By:_____/s/_____
                                                    MICHAEL M. PFYL

14
                                      Attorneys for Defendant
15                                    UNITED PARCEL SERVICE, INC.

16

17   DATED:  December 30, 2008        DICKSON – ROSS LLP

18

19                                    By:_____/s/_____
                                                 KATHRYN BURKETT DICKSON

20
                                      Attorneys for Plaintiff
21                                    CHAUNCI M. BOYKIN

22

23

24

25

26

27

28

1    PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

2

3    DATED:  January 5, 2009

4                                              HON. MAXINE M. CHESNEY
                                               UNITED STATES DISTRICT/~~MAGISTRATE JUDGE~~

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4     I, _____ [print or type full name], of _____

5   [print or type full address], declare under penalty of perjury that I have read in its entirety and

6   understand the Stipulated Protective Order that was issued by the United States District Court for

7   the Northern District of California on [date] in the case of *Boykin v. United Parcel Service, Inc.*,

8   Case No. C-08-04870.  I agree to comply with and to be bound by all the terms of this Stipulated

9   Protective Order and I understand and acknowledge that failure to so comply could expose me to

10  sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

11  any manner any information or item that is subject to this Stipulated Protective Order to any

12  person or entity except in strict compliance with the provisions of this Order.

13          I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16          I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number] as my

18  California agent for service of process in connection with this action or any proceedings related to

19  enforcement of this Stipulated Protective Order.

20  Date: _____

21  City and State where sworn and signed. _____
    Printed name. _____
22                  [printed name]

23  Signature. _____
24                  [signature]

25

26

27

28