UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCI BOYKIN, | No. C-08-4870 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH OR MOTION FOR PROTECTIVE ORDER** |
| UNITED PARCEL SERVICE, INC. | |
| Defendant. | **(Docket No. 27)** |
| _____/ | |

Plaintiff Chaunci Boykin has filed a motion to quash or motion for protective order with respect to documents subpoenaed by Defendant United Parcel Service, Inc. ("UPS") from third party Kaiser Permanente. A hearing was held on the discovery motion on February 18, 2009. At the hearing, the Court **GRANTED** in part and **DENIED** in part Ms. Boykin's motion. This order memorializes the Court's rulings.

The parties agree that state privacy law rather than federal law controls this matter and that, under state law, Ms. Boykin has a constitutional right to privacy with respect to the medical records sought. *See generally Britt v. Superior Court*, 20 Cal. 3d 844 (1978); *Davis v. Superior Court*, 7 Cal. App. 4th 1008 (1992). "The burden is on the party seeking the constitutionally protected information to establish *direct* relevance." *Id.* at 1017 (emphasis added). Moreover, the party seeking the constitutionally protected information must establish that the records are directly relevant to the action and essential to its fair resolution. *See Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1854 (1994). In the instant case, UPS argues that there is direct relevance and a

1  compelling need for the records because it must examine (1) whether Ms. Boykin had any other
2  medical condition that would have prevented her from performing other jobs at UPS[1] and (2)
3  whether any other medical conditions may have caused or contributed to the emotional distress she
4  alleged suffered as a result of UPS's actions.

5        Although the Court is not unsympathetic to UPS's position, as outlined above, a heightened
6  showing of need is required under California law where the right of privacy is implicated. For the
7  reasons stated on the record at the hearing herein, UPS has not made a sufficient showing to compel
8  production of all the records sought herein, particularly where, as here, there is no concrete evidence
9  suggesting other medical conditions may have impeded Ms. Boykin's ability to work or caused
10 emotional distress, and UPS has not exhausted other means of obtaining such information.
11 However, UPS is entitled to some information necessary in its defense. Accordingly, the Court rules
12 as follows.

13       1.    For the period from November 2004 (when Ms. Boykin suffered a stress fracture) to
14 January 2006 (when Ms. Boykin was terminated), all of Ms. Boykin's medical records shall be
15 produced. For all other times during the period of Ms. Boykin's employment until one year after her
16 termination (*i.e.*, February 1998 thru January 2007), Kaiser shall produce all records referring or
17 relating to her club foot condition.

18       2.    For the period from 2004 to the present, Kaiser shall produce all medical records
19 which constitute or refer to any mental condition (*e.g.*, depression, stress), any symptom of a mental
20 condition (*e.g.*, nervousness, lack of sleep), or diagnosis of a mental condition or treatment thereof.

21       3.    The records produced shall be subject to a "first look" procedure. That is, the
22 medical records shall be sent from Kaiser to Ms. Boykin's counsel initially. Counsel shall have
23 seven (7) days from receipt to review the produced records and to deliver to UPS all records to
24 which she has no objection to production. At the same time, Ms. Boykin shall provide to UPS a
25 "privacy log" for any withheld documents. The privacy log should identify (1) the page number of
26 any page which has not been produced (in full or in part), (2) the general nature of the information

---

[1] Ms. Boykin has made an argument of reasonable accommodation.

being withheld (*i.e.*, sufficiently specific to allow meaningful argument by the parties and review by the Court in connection with any motion), and (3) the specific basis for her objection to producing the information being withheld.  If Ms. Boykin withholds information, in part, she will identify the specific area on the page where information has been redacted with a stamp (or other writing) which indicates "REDACTED."  If the parties have any disputes about the privacy log, then they should meet and confer to determine whether the dispute may be resolved.  If not, then they should file a joint letter with the Court outlining their respective positions, and Plaintiff shall lodge the disputed documents with the Court.  All documents produced pursuant to this Order shall be deemed confidential and are subject to the Protective Order herein.

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated:  February 20, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge